IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,109-01






EX PARTE RAY MCARTHUR FREENEY








ON APPLICATION FOR WRIT OF HABEAS CORPUS


 IN CAUSE NO. 909843 IN THE 337TH JUDICIAL DISTRICT COURT

HARRIS COUNTY






 Per Curiam.


O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 On August 29, 2003, a jury convicted applicant of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure article 37.071, and the trial court, accordingly, set punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Freeney v. State,
No. AP-74,776 (Tex. Crim. App. April 27, 2005)(not designated for publication).

 Applicant presents three allegations in his application in which he challenges the
validity of his sentence. Although an evidentiary hearing was not held, the trial judge
entered findings of fact and conclusions of law. The trial court recommended that relief
be denied.

 In his first allegation, applicant asserts that trial counsel was ineffective for failing
to conduct an adequate mitigation investigation. See Wiggins v. Smith, 539 U.S. 510
(2003). In support of this allegation, applicant has provided the affidavits of family
members and friends who describe applicant's mother and grandmother as verbally,
emotionally, and physically abusive of applicant and his brothers while they were
growing up. They also describe applicant's mother's abusive and violent relationships
with her husbands and boyfriends. In addition, they describe applicant's behavioral
problems as a child and the changes in his behavior that followed his psychotic break in
1994. Further, they describe applicant's mother's assault upon applicant and his aunt that
led to her arrest and conviction. Applicant has provided records from the county criminal
court reflecting that his mother successfully completed the terms of deferred adjudication
probation after pleading nolo contendere to assault in 1990.

 At trial, defense counsel offered the testimony of applicant's mother, who
explained that she was a strict disciplinarian but that when her sons misbehaved, she
punished them by chastising them and taking away privileges. She and applicant's
treating psychiatrist also described her as a devoted and supportive parent who took care
of applicant after he was diagnosed with schizophrenia. Two witnesses briefly referred to
applicant's own statements, made after his psychotic break, that he had been abused as a
child. However, the witnesses who knew applicant as a child testified that he had
experienced a normal upbringing in a loving home.

 The State responds that applicant has not shown that: (1) the family members and
friends who have now provided affidavits were available and willing to testify at the time
of trial, and (2) the defense team failed to take reasonable steps to contact them. 
However, the habeas application indicates that these witnesses were easily located and
readily spoke with habeas counsel when contacted. Applicant states that his brother,
Patrick Reese, was serving in the Air Force and stationed in Korea at the time of
applicant's trial, and he was still stationed there when the habeas investigator located him. 
Reese readily spoke to habeas counsel for over two hours by telephone and described a
difficult childhood, including his mother's abuse of her sons. Further, another brother,
Jesse Kelly, specifies in his affidavit that he was present during applicant's trial but was
told to leave the courtroom. Kelly further states that he was not contacted or interviewed
prior to or during the trial.

 Applicant has also provided the affidavit of the mitigation investigator, Gina
Vitale, who states that before trial she interviewed applicant, his mother, and several
family members or friends. She further states, without elaboration, that she did not
interview applicant's brothers or his baby's mother, and she did not visit the town where
the boys had lived with their grandmother.

 Both lead and co-counsel submitted affidavits in response to the trial court's order
designating issues. Co-counsel broadly states that the defense team conducted a thorough
investigation and interviewed all possible defense witnesses. Lead counsel states that he
talked to applicant, his mother, and any family members that the defense investigators
could find about applicant's background and life. He also states, however, "I know that
our mitigation specialist, Gina Vitale, would have spoken to all of those witnesses [who
testified] regarding the prospect of discovering additional witnesses, and would have
asked about any additional family members who may have been available to testify." He
does not have an independent recollection of Kelly coming to court during the trial. 
Finally, he states that if what the affiants say is true, then he would have wanted to know
about it, and if true, then applicant's mother lied about his upbringing, both in pretrial
interviews and in her trial testimony.

 We are not able to determine from this record: (1) whether applicant's family
members and friends who now have provided affidavits were available and willing to
testify at the time of trial; (2) whether anyone from the defense team attempted to contact
any of these witnesses; (3) the nature and extent of any efforts to contact them; (4) if no
one from the defense team contacted them, the reasons why they were not contacted; and
(5) if anyone contacted them, the results of that contact.

 Allegation one is remanded to the trial court with instructions to resolve the factual
issues in any manner the court deems appropriate, including requiring affidavits,
depositions, interrogatories, and evidentiary hearings. The trial court shall make findings
of fact and conclusions of law. Specifically, the trial court shall determine whether
applicant's family members and friends who now have provided affidavits were available
and willing to testify at the time of trial, and if so, whether anyone from the defense team
attempted to contact any of them before trial.

 The trial court shall also enter findings of fact concerning the nature and extent of
any efforts by the defense team to contact these witnesses. The trial court shall enter
findings of fact setting forth the reasons why any of these witnesses were not contacted,
as well as findings as to whether any of these witnesses were contacted, and the results of
such contacts. The trial court may also make any other findings of fact and conclusions
of law it deems relevant and appropriate to the disposition of this allegation.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. A supplemental
transcript containing all affidavits and interrogatories or the transcription of the court
reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be forwarded to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court.

 IT IS SO ORDERED THIS THE 20TH DAY OF MARCH, 2013.

Do not publish